

FILED
IN OPEN COURT

NOV 1 9 2007

CLERK. U.S. DISTRICT COURT
NORFOLK. VA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:07CR *146 (#3)* |
| | ) | |
| WILLIAM FRANCIS PEABODY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Dana J. Boente, Acting United States Attorney for the Eastern District of Virginia, Joseph DePadilla and Blair C. Perez, Assistant United States Attorneys, the defendant, WILLIAM FRANCIS PEABODY, and the defendant's counsel have entered into an agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1) Offense and Maximum Penalties

The defendant agrees to plead guilty to Count Four of the criminal information charging the defendant with a Pattern and Practice of Unlawful Employment of Aliens, in violation of Title 8, United States Code, Section 1324a(a)(2) and (f)(1). The maximum penalties for this offense are a maximum term of six months of imprisonment, a maximum fine of $3,000 for each unauthorized alien, full restitution and a special assessment.

This plea agreement is expressly conditioned upon the United States District Court's acceptance of the guilty pleas of co-defendants YVONNE MICHELLE PEABODY and PEABODY CORP. and compliance with their respective written Plea Agreements. If one or more co-defendants

1

WFP

fails to enter and abide by the terms of her or its respective guilty plea, then this agreement will be considered to be breached and the defendant and the co-defendants will be subject to prosecution for offenses described in the criminal information and any other federal offense.

### 2)   Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

### 3)   Role of the Court and the Probation Office

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and after careful review of Title 18, United States Code, Sections 3553(a) and 3572, the parties agree that $100,000.00, constitutes an appropriate fine. The defendant understands that pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court has agreed to the fine of $100,000. The agreed disposition does not affect the sentence with respect to a term of confinement which may be imposed by the Court, and the Court may impose any period of confinement within the maximum term permitted by law. The parties understand that a full Presentence Report will be prepared.

The defendant understands that the Court has jurisdiction and authority to impose any term of confinement within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence with respect to a term of confinement and that any estimate of a term of confinement the defendant may have received from the defendant's counsel, the

United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The defendant understands that pursuant to Section 1B1.9 of the Sentencing Guidelines, the sentencing guidelines do not apply to Count Four, a Class B misdemeanor. The United States makes no promise or representation concerning what sentence the defendant will receive with respect to a term of confinement, and the defendant cannot withdraw a guilty plea based upon the actual sentence. The parties understand that a full Presentence Report will be prepared.

**4)     Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

**5)     Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of

ten dollars ($10.00) per count of conviction, pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii).

**6)      Payment of Monetary Penalties**

In accordance with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a criminal fine of $100,000.00 for Count Four, as specified in paragraph 3, is appropriate because of the factors described in 18 U.S.C. §§ 3553(a) and 3572. The defendant understands and agrees that, pursuant to Title 18, United States Code, Sections 3613, the monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**7)      Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts.

**8)      Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

a)      The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

b)      The defendant agrees to be reasonably available for debriefing and pre-trial

4

conferences as the United States may require.

c)   The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

d)   The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

e)   The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

f)   The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

g)   Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

9)   **Use of Information Provided by the Defendant Under This Agreement**

The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested. Nothing in this plea agreement,

5

however, restricts the Court's or Probation Office's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant provide false, untruthful, or perjurious information or testimony or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial.

### 10)   Prosecution in Other Jurisdictions

The United States Attorney's Office for the Eastern District of Virginia will not contact any other state or federal prosecuting jurisdiction and voluntarily turn over truthful information that the defendant provides under this agreement to aid a prosecution of the defendant in that jurisdiction. Should any other prosecuting jurisdiction attempt to use truthful information the defendant provides pursuant to this agreement against the defendant, the United States Attorney's Office for Eastern District of Virginia agrees, upon request, to contact that jurisdiction and ask that jurisdiction to abide by the immunity provisions of this plea agreement. The parties understand that the prosecuting jurisdiction retains the discretion over whether to use such information.

### 11)   Defendant Must Provide Full, Complete and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation, although it is conditioned upon the entry of guilty pleas and compliance with plea agreements by the co-defendants as described more fully in paragraph 1. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the

6

defendant providing full, complete and truthful cooperation.

### 12)   Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 13)   Mandatory Compliance with Department of Homeland Security and Social Security Administration Pilot Program for Determining Workforce Eligibility

The defendant agrees to use the "Pilot Program" created by Department of Homeland Security and Social Security Administration to screen all employees for determining workforce eligibility for work with the defendant or any of the companies for which defendant is the President, including Peabody Corp., Trawler William F. Peabody Inc. Trawler Miss Vertie Mae Inc, Trawler Crystal & Rebecca Inc., and Trawler Yvonne Michelle, Inc.  The defendant agrees that as President of Peabody Corp., Trawler William F. Peabody Inc., Trawler Miss Vertie Mae Inc., Trawler Crystal & Rebecca Inc., and Trawler Yvonne Michelle, Inc., he has the authority to bind those companies to this "Pilot Program" provision of the Plea Agreement. The Defendant agrees that these corporations will maintain the associated documentation showing the workforce is legal. These corporations will also abide by the requirements stated in Title 46 U.S.C. Section 8103.

### 14)   Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading

testimony or information, or otherwise violates any provision of this agreement, then:

a)    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b)    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c)    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an

8

appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 15)   Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

By: _____

Joseph DePadilla
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number -757- 441-6331
Facsimile Number - 757 - 441-6689
E-mail Address - joseph.depadilla@usdoj.gov

9

By: _____

Blair C. Perez
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number -757- 441-6331
Facsimile Number - 757 - 441-6689
E-mail Address - blair.perez@usdoj.gov

Approved by: _____

Robert J. Seidel, Jr.
Supervisory Assistant United States Attorney

10

Defendant's Signature:  I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information.  Further, I fully understand all rights with respect to 18 U.S.C. § 3553 that may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and voluntarily agree to it.

Date: 11-14-07

William Francis Peabody
Defendant

Defense Counsel Signature:  I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's rights with respect to the pending information.  Further, I have reviewed 18 U.S.C. § 3553 and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 11/19/07

Kenneth D. Bell, Esq.
Counsel for the Defendant
North Carolina Bar #10800
Hunton & Williams
Bank of America Plaza, Suite 3500
101 South Tryon Street
Charlotte, NC 28280
Office Number 704-378-4834
Facsimile Number - 704 - 331-4237
E-mail Address - kbell@hunton.com

Date: 1/17/07

John E. Holloway, Esq.
Counsel for the Defendant
Virginia Bar #28145
Hunton & Williams
500 East Main Street, Suite 1000
Norfolk, VA 23510
Office Number 757-640-5360
Facsimile Number - 757 - 625-7720
E-mail Address - jholloway@hunton.com